UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PLASTIC RECOVERY TECHNOLOGIES, CO., )
and KEVIN GAVIN, )
)
Plaintiffs, )
)
vs. ) 11 C 2641
)
JERRY SAMSON, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Defendant Jerry Samson ("Samson") to dismiss the complaint of Plaintiffs Plastic Recovery Technologies, Co. ("Plastic Recovery") and Kevin Gavin ("Gavin") (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Samson's motion is granted in part and denied in part.

### BACKGROUND[1]

### I.    The Parties

Gavin is the President of Plastic Recovery, a company that provides replacement parts to the waste industry. Beginning in February 2009, Samson spoke with Gavin

---

[1] For purposes of the motion to dismiss, we accept the allegations of the Amended Complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

concerning potential employment at Plastic Recovery. At that time, Samson was the Vice President of Sales of Wastequip, a customer of Plastic Recovery. Pursuant to his employment agreement with Wastequip, Samson was subject to a non-competition and non-solicitation agreement (the "Non-Competition Agreement").

## II. The Employment Agreement Between Samson and Plastic Recovery

In May 2009, Samson and Plastic Recovery executed an employment agreement (the "Employment Agreement"). According to the Employment Agreement, Samson would begin working for Plastic Recovery on July 1, 2009. Plastic Recovery agreed to pay Samson a base compensation of $10,000 per month and a guaranteed compensation of $5,417 for 12 months. The Employment Agreement contained an arbitration clause which required any claim or controversy arising out of, or related to, the Employment Agreement to be settled by arbitration. The Employment Agreement also expressly addressed Samson's Non-Competition Agreement with Wastequip. If Wastequip enforced the Non-Competition Agreement, then under the Employment Agreement, all cash compensation from Plastic Recovery to Samson would end and Samson's base compensation would accumulate and be paid to Samson once the non-compete period ended.

## III. Samson Sought a Release from the Non-Competition Agreement

Before and after Samson signed the Employment Agreement with Plastic Recovery, Samson told Plastic Recovery that he was confident that Wastequip would

release him from the Non-Competition Agreement. In July 2009, Samson agreed to contact Wastequip and attempt to negotiate a release from the Non-Competition Agreement. On August 20, 2009, after contacting Wastequip, Samson forwarded to Plastic Recovery an e-mail from Wastequip which stated that Wastequip would not release Samson from the Non-Competition Agreement. Plastic Recovery then told Samson that it would only continue its relationship with him if he provided a legal opinion stating that the Non-Competition Agreement was unenforceable. Samson never provided a legal opinion to Plastic Recovery even though he, on August 26, 2009, represented that he had obtained such an opinion.

## IV. The Arbitration Proceeding

On September 24, 2009, Samson resigned and demanded $120,000 payment from Plastic Recovery. Because Plastic Recovery refused to pay the money to Samson, on December 3, 2009, Samson initiated arbitration proceedings with the American Arbitration Association ("AAA") pursuant to the arbitration clause in his Employment Agreement. Among other claims, Samson asserted that Plastic Recovery breached the Employment Agreement. As part of its defense, Plastic Recovery argued that Samson also breached the Employment Agreement. On February 11, 2011, the arbitrator rendered an award in favor of Samson (the "Arbitration Award").

## V.    Plaintiffs' Complaint and Samson's Motion to Dismiss

On December 7, 2010, the day before the arbitration hearing, Plaintiffs filed their complaint in the Circuit Court of Cook County, Illinois. Plaintiffs argue that the Employment Agreement, along with its arbitration clause and any resulting arbitration award, are unenforceable because the Employment Agreement is void on grounds of fraudulent misrepresentation, insufficient consideration, and public policy. Plaintiffs also claim that the arbitration award is unenforceable against Gavin because Gavin is not a party to the Employment Agreement. Finally, Plaintiffs claim that Samson tortiously interfered with its prospective economic advantage by telling Wastequip that Plastic Recovery intended to compete with it. Although Plaintiffs filed their complaint on December 7, 2010, Plaintiffs waited over three months, and after the arbitrator rendered its decision, to serve the complaint on Samson. On April 20, 2011, Samson removed the action to the United States District Court for the Northern District of Illinois. Samson now moves to dismiss the complaint.

## LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but requires more than legal conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. In ruling on a motion to dismiss, a court must accept the well-pleaded allegations in the complaint as true, construe the allegations of the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

**DISCUSSION**

**I.    Consideration of the Arbitration Award**

As a preliminary matter, Samson attaches the Arbitration Award to his motion to dismiss and urges the Court to consider the Arbitration Award when evaluating his motion. In addition to the complaint, a court may consider documents attached to the motion to dismiss which are referenced in the complaint and central to the plaintiff's claim. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (considering a document necessary to resolving the dispute and incorporated by reference into an agreement attached to the complaint).

Plaintiffs argue that the Arbitration Award is not referenced in their complaint or central to their claims because the award was entered after Plaintiffs filed their complaint. The Court disagrees. First, the Employment Agreement, which Plaintiffs did attach to their complaint, contains an arbitration clause and provides the basis for

the arbitration and Arbitration Award. Second, Plaintiffs' complaint references and challenges the Arbitration Award by asking this Court to find that the Employment Agreement's arbitration clause and resulting Arbitration Award are void and unenforceable. Finally, Samson argues that the *res judicata* effect of the Arbitration Award bars Plaintiffs' claims, so that an evaluation of the award is necessary to determine whether Plaintiffs may assert their claims. For these reasons, the Arbitration Award is referenced in the complaint and central to Plaintiffs' claims and this Court may consider the award when deciding the motion to dismiss.

## II. Doctrine of *Res Judicata*

Samson argues that the doctrine of *res judicata* bars Plaintiffs' claims. Under Illinois law,[2] the doctrine of *res judicata* bars the litigation of claims that either were litigated or could have been litigated in a previous action. *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998). To apply, *res judicata* requires the satisfaction of three elements: (1) a final judgment on the merits in the previous action; (2) identity of claims; and (3) identity of parties. *Id.* Plaintiffs argue that the first two elements are not satisfied.

---

[2] The parties agree that Illinois law applies. A federal court hearing a case brought under diversity jurisdiction must apply the substantive law of the forum in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In diversity cases, federal law incorporates the rules of preclusion applied by the state in which the federal diversity court sits. *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)); *Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 915 (7th Cir. 2008). Since this Court exercises diversity jurisdiction, it applies Illinois law.

First, Plaintiffs argue that the unconfirmed Arbitration Award is not a final judgment under either the applicable arbitration rules or state law. To the contrary, the applicable arbitration rules deem the arbitrator's award final and binding. AAA Employment Arbitration Rule 39(g). Moreover, courts afford unconfirmed arbitrations preclusive effect on subsequent federal proceedings unless preclusion impinges on the parties' federal rights. *Stulberg v. Intermedics Orthopedics, Inc.*, 997 F. Supp. 1060, 1066-67 (N.D. Ill. 1998); *Kowalski v. Chi. Tribune Co.*, 1990 WL 43273, at *5 (N.D. Ill. Apr. 4, 1990) (Kocoras, J.) (citing *Monmouth Public Sch. v. Pullen*, 489 N.E.2d 1100, 1105 (Ill. App. Ct. 1985)). Because Plaintiffs do not argue that preclusion impinges on their federal rights, this Court concludes that the Arbitration Award represents a final judgment on the merits.

Second, Plaintiffs argue that there is no identity of claims between the arbitration and the present action. Illinois courts apply a transactional test to determine whether identity of claims exists. *River Park*, 703 N.E.2d at 893. Under the transactional test, identity of claims exists where the claims arise from a single group of operative facts, regardless of whether they assert different theories of relief or require different proof. *Id.* In the arbitration, Samson claimed that Plastic Recovery breached the Employment Agreement. Plaintiffs now seek to void the Employment Agreement (the very agreement relied on by Samson in the arbitration), the Employment Agreement's

arbitration clause, and the resulting Arbitration Award on grounds of fraudulent misrepresentation, lack of consideration, public policy, and Gavin's status as a non-party. These claims are defenses Plaintiffs could have raised during the arbitration. *Schlangen v. Resolution Trust Corp.*, 934 F.2d 143, 147 (7th Cir. 1991) ("A defendant may not relitigate a defense, which was available but not raised in a prior action"). For this reason, the claims arise from the same group of operative facts that resulted in the previous arbitration—the execution and implementation of the Employment Agreement. Plaintiffs also allege a tortious interference claim. Specifically, Plaintiffs allege Samson misrepresented to Wastequip that Plastic Recovery intended to compete with Wastequip and, as a result, Wastequip partially stopped doing business with Plastic Recovery. The tortious interference claim does not arise from the same group of operative facts as the breach of contract claim in the arbitration. The tort claim is based on facts separate and independent from the parties' Employment Agreement and whether Plastic Recovery breached the Employment Agreement.

For these reasons, the doctrine of *res judicata* partially bars Plaintiffs' complaint. Accordingly, this Court dismisses all claims except for the tortious interference claim.

## III. Failure to State a Claim

Since this Court finds that Plaintiffs' tortious interference claim is not barred by *res judicata*, Samson alternatively argues that Plaintiffs fail to state a claim for relief.[3] A plaintiff claiming tortious interference with a prospective economic advantage must establish (1) a reasonable expectation of entering into a valid business relationship, (2) the defendant's knowledge of the expectation, (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship, and (4) damage to the plaintiff resulting from the defendant's interference. *Atanus v. Am. Airlines, Inc.*, 932 N.E.2d 1044, 1048 (Ill. App. Ct. 2010). Purposeful interference exists only if the defendant "acted with the aim of interfering" with the plaintiff's expectancy. *Id.* at 1051. Samson argues that Plastic Recovery fails to adequately allege purposeful interference because it does not allege that Samson intended to injure Plastic Recovery. Plastic Recovery alleges that Samson made a false statement to its customer, Wastequip, which caused Wastequip to, at least in part, stop doing business with Plastic Recovery. Based on these allegations, the Court can reasonably infer that Samson made the false statement with the intent to injure Plastic

---

[3] Since the tortious interference claim alleges injury to Plastic Recovery, Gavin does not have standing to assert this claim. *Town of Northville v. Village of Sheridan*, 655 N.E.2d 22, 24 (Ill. App. Ct. 1995) (explaining that the plaintiff has standing if he suffered "injury in fact" and plaintiff "must assert his own legal rights and interests, rather than basing his claim for relief upon the rights of third parties"). Accordingly, this Court dismisses Gavin's tortious interference claim. Because Gavin has no remaining claims, he is dismissed from this lawsuit.

Recovery's business relationship with Wastequip. At this stage, Plastic Recovery states a claim for tortious interference.

**CONCLUSION**

For the foregoing reasons, this Court grants in part and denies in part Samson's motion to dismiss.

Charles P. Kocoras
United States District Judge

Dated: July 28, 2011